DENIS S. KENNY, State Bar No. 178542
HEATHER G. SAPP, State Bar No. 238517
SCHERER SMITH & KENNY LLP
140 Geary Street, Seventh Floor
San Francisco, CA 94108
Telephone: (415) 433-1099
Fax: (415) 433-9434
Email: dsk@sfcounsel.com

Attorneys for Plaintiff
DAVID KIRK

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>CARL ALEXANDER WESCOTT and<br>MONETTE ROSEMARIE STEPHENS,<br><br>          Debtor(s).<br><br>DAVID H. KIRK,<br><br>          Plaintiff,<br><br>v.<br><br>CARL ALEXANDER WESCOTT and<br>MONETTE ROSEMARIE STEPHENS,<br><br>          Defendant(s). | Case No. 12-30143-DM<br><br>Chapter 7<br><br>Adversary Proc. No.<br><br>**COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT, 11 U.S.C. § 523(a)(2); OBJECTION TO DISCHARGE OF DEBTORS, 11 U.S.C. § 727(a)(2), (4), (5), (7)** |

Plaintiff DAVID H. KIRK ("Plaintiff") files the following complaint to determine the dischargeablity of the debt owed Plaintiff by CARL ALEXANDER WESCOTT ("Wescott") and MONETTE ROSEMARIE STEPHENS ("Stephens") (collectively, "Defendants"), and objects to Defendants' discharge.

### FIRST CAUSE OF ACTION

**COMPLAINT TO DETERMINE DISCHARGEABILITY - 11 U.S.C. § 523(a)(2)**

1. Defendants are the debtors in bankruptcy in case number 12-30143-DM, which was filed on January 17, 2012.

2. Plaintiff is a creditor of Defendants by virtue of, among other things, his judgment against Wescott entered on December 8, 2011, in San Francisco County Superior Court, case number CGC-10-501881 (attached as **Exhibit A**), and his settlement agreement with Stephens, entered into on December 6, 2011, in the same matter (attached as **Exhibit B**).

3. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(H)-(J). The Court has jurisdiction pursuant to 28 U.S.C. § 1334. Venue is proper pursuant to 28 U.S.C. § 1409.

4. On November 20, 2007, Wescott executed a full-recourse, promissory note (the "Note") in favor of Plaintiff in the principal amount of one million dollars ($1,000,00.00) in exchange for a loan made by Plaintiff to Wescott. A copy of the Note is attached as **Exhibit C**. As additional consideration for this loan, Wescott executed a deed of trust in Plaintiff's favor providing Plaintiff a security interest in certain real property located in Healdsburg, California. Critically, Plaintiff held a second or junior position lien on the property.

5. The principal amount of the Note and accrued interest was due, in full, on November 21, 2008. Wescott defaulted on his payment obligations to the senior lienholder, who in turn foreclosed on the property. Wescott thereafter failed and refused to pay any amount due pursuant to the Note.

6. Both prior to the execution of and while Plaintiff attempted to collect on the Note, Wescott on several occasions provided written balance sheets to Plaintiff allegedly demonstrating the state of his assets and liabilities and his financial condition. Plaintiff reasonably relied on these statements, which were material to Plaintiff's extension of a loan to Wescott and his granting of additional periods of time to Wescott to repay the loan made under the Note. Plaintiff now believes the information contained in such statements was false, and that Wescott provided such information to Plaintiff with intent to deceive in order to escape his obligation under the Note.

7. On several occasions, Wescott transferred real property via grant deed to Stephens or to fictitious businesses for no consideration. Plaintiff believes these transfers were done for the sole purpose of concealing assets which Plaintiff could have sought recourse against under the terms of the Note. Plaintiff further believes such transfers continued for a period of time extending through January 17, 2011.

8. As alleged above, Plaintiff entered into a settlement agreement with Stephens on December 6, 2011, forty-two days prior to her filing bankruptcy. The agreement contained the following material representations regarding any future bankruptcy filing by Stephens:

> **Representations Regarding No Pending or Future Bankruptcy or Related Filings** – If Defendant Stephens files for bankruptcy by or before Plaintiff's receipt of the first payment under this Agreement or June 1, 2012, whichever comes later, then Defendant Stephens shall be deemed to have represented and warranted to Plaintiff that as of the execution date of this Agreement, (1) she has not taken any affirmative steps or related actions to prepare for or otherwise file for bankruptcy; and (2) said representations and warranties constitute critical terms and conditions upon which Plaintiff is relying to enter into this Agreement. These provisions shall have no effect except in the event that Defendant Stephens files for bankruptcy by or before Plaintiff's receipt of the first payment under this Agreement or June 1, 2012, whichever comes later. These aforementioned provisions are not intended nor are to be interpreted in a manner that would otherwise violate public policy.
>
> Notwithstanding the above, in the event that Defendant Stephens does file for bankruptcy while this Agreement is in effect, the confidentiality provisions of this Agreement hereinbelow will be null and void as to all parties.

9. Plaintiff believes such statement was false and was made knowingly and fraudulently in order to induce Plaintiff to enter into settlement with Stephens. Further, at the time Stephens made this statement, she knew it was false and had no intent of honoring the obligations stemming from the settlement agreement.

10. Plaintiff has suffered damages of approximately $1,400,000.00 and asserts that said debt is not dischargeable pursuant to Bankruptcy Code § 523(a).

WHEREFORE, Plaintiff prays for judgment as hereinafter set forth.

## SECOND CAUSE OF ACTION
## OBJECTION TO DEFENDANTS' DISCHARGE
## 11 U.S.C. §§ 727(a)(2), (a)(4), (a)(5), (a)(7)

11. Plaintiff realleges and incorporates herein the allegations in paragraphs one through ten.

12. In their bankruptcy, Defendants have transferred, removed, or concealed assets with intent to hinder, delay, or defraud creditors and the trustees in their case within the time limits specified by the Bankruptcy Code.

13. Defendants knowingly and fraudulently made false oaths or accounts in their case by, among other things, failing to disclose assets, their ownership interests in other entities, and transfers of assets.

14. Defendants knowingly and fraudulently gave, offered, received, or attempted to obtain money, property, or advantage, or a promise of money, property, or advantage, for acting or forbearing to act.

15. Defendants have failed to explain the loss of assets or deficiency of assets in this case.

WHEREFORE, Plaintiff prays for judgment as follows:

1. On the first cause of action, a determination that Defendants' debt to Plaintiff, including interest accrued at the legal rate, is nondischargeable;

2. On the second cause of action, a determination that Defendants are not entitled to a discharge of their debts pursuant to 11 U.S.C. § 727;

3. On all causes of action, attorney's fees and costs of suit incurred herein; and

4. For such other and further relief as this Court deems proper.

Dated: April 20, 2012

DENIS S. KENNY
SCHERER SMITH & KENNY LLP
Attorneys for Plaintiff
DAVID H. KIRK