# EXHIBIT A

Denis S. Kenny, Bar No. 178542
Ryan W. Stahl, Bar No. 267306
SCHERER SMITH & KENNY LLP
140 Geary Street, Seventh Floor
San Francisco, CA 94108
Telephone: (415) 433-1099
Facsimile: (415) 433-9434

Attorneys for Plaintiff
DAVID H. KIRK

FILED
San Francisco County Superior Court
DEC 08 2011
CLERK OF THE COURT
BY: _____ Deputy Clerk

SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF SAN FRANCISCO

UNLIMITED JURISDICTION

| | |
|---|---|
| DAVID H. KIRK,<br><br>        Plaintiff,<br><br>vs.<br><br>CARL A. WESCOTT, MONETTE STEPHENS, and DOES 1 – 10, inclusive,<br><br>        Defendants.<br><br>AND RELATED CROSS-ACTION | Case No. CGC-10-501881<br><br>JUDGMENT AGAINST DEFENDANT CARL WESCOTT |

Pursuant to the Stipulation of Plaintiff and Cross-Defendant David Kirk ("Plaintiff") and Defendant and Cross-Complainant Carl Wescott ("Defendant Wescott"), which is attached hereto as Exhibit A,

///

///

**IT IS ADJUDGED, ORDERED AND DECREED**, as follows:

Plaintiff is awarded One Million Four Hundred Thousand Dollars ($1,400,000.00) in damages against Defendant Wescott on the operative complaint filed in this action; and

Defendant Wescott's operative cross-complaint shall be dismissed, with prejudice, and Wescott shall take nothing by it; and

The parties shall bear their own costs and fees; and

Interest shall accrue on the attendant judgment at the statutory rate of ten per cent per annum from the date of entry of judgment.

**IT IS SO ADJUDGED, ORDERED AND DECREED**

December 8, 2011

_____
Judge of the Superior Court

**APPROVED AS TO FORM**

December 8, 2011

Scherer Smith & Kenny LLP

_____
Denis S. Kenny, Esq.
Attorney for Plaintiff David Kirk

December 8, 2011

Roberts & Elliott, LLP

_____
Sharmi Shah, Esq.
Attorneys for Defendant/Cross-Complainant Carl Wescott

Denis S. Kenny, Bar No. 178542
Ryan W. Stahl, Bar No. 267306
SCHERER SMITH & KENNY LLP
140 Geary Street, Seventh Floor
San Francisco, CA 94108
Telephone: (415) 433-1099
Facsimile: (415) 433-9434

Attorneys for Plaintiff
DAVID H. KIRK

SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF SAN FRANCISCO

UNLIMITED JURISDICTION

| | |
|---|---|
| DAVID H. KIRK, | Case No. CGC-10-501881 |
| Plaintiff, | STIPULATION FOR ENTRY OF JUDGMENT AS AGAINST DEFENDANT CARL WESCOTT |
| vs. | |
| CARL A. WESCOTT, MONETTE STEPHENS, and DOES 1 – 10, inclusive, | |
| Defendants. | |
| AND RELATED CROSS-ACTION | |

Plaintiff and Cross-Defendant David Kirk ("Plaintiff") and Defendant and Cross-Complainant Carl Wescott ("Defendant Wescott") hereby stipulate to the entry of judgment as against Defendant Wescott (the "Stipulation") in this case as follows:

Plaintiff shall be awarded One Million Four Hundred Thousand Dollars ($1,400,000.00) in damages against Defendant Wescott on the operative complaint filed in this action; and

Defendant Wescott's operative cross-complaint shall be dismissed, with prejudice, and Defendant Wescott shall take nothing by it; and

The parties have consulted with, and have had the benefit of counsel in connection with this stipulation and the judgment to be entered upon it; and

The parties shall bear their own costs and fees; and

Interest shall accrue on the attendant judgment at the statutory rate of ten per cent per annum from the date of entry of judgment; and

The following additional terms:

1. If Plaintiff receives a total of One Million Four Hundred Thousand Dollars ($1,400,000.00) (to be delivered by cashier's check or wire) from Co-Defendant Carl Wescott ("Defendant Wescott") on or before May 31, 2013, Plaintiff hereby agrees that such payment(s) shall result in satisfaction of the judgment to be entered against Defendant Wescott as stated herein. Said satisfaction of the judgment shall mean that any interest accrued from the date of entry of judgment until the date of payment will be waived by Plaintiff if Defendant Wescott makes payment of $1,400,000.00 on or before May 31, 2013.

2. In the event of said satisfaction of the judgment by Defendant Wescott pursuant to the terms in Paragraph 1 above, Plaintiff agrees that the receipt of such payment(s) shall result in Plaintiff's release and discharge, on behalf of himself, his successors and assigns, and his heirs, executors, administrators, attorneys and legal representatives or otherwise, of Defendant Wescott, his successors and assigns, heirs, and his agents, executors, administrators, attorneys and legal representatives, or otherwise, and persons or entities associated with Defendant Wescott from and against any and all actions and causes of action, of whatsoever kind and nature, suits, debts, dues, accounts, accountings, bonds, covenants, contracts,

agreements, promises, warranties, guarantees, representations, judgments, claims and demands, whatsoever, however arising, relating to or involving directly or indirectly any and all claims of Plaintiff against Defendant Wescott, whether known claims or unknown claims, asserted or unasserted, accrued or unaccrued, whether direct, individual, class representative, derivative or in any other capacity, collectively or individually, at law or in equity, whether past, present, or future, foreseen or unforeseen, direct or indirect, fixed or contingent, which Plaintiff has ever had, now has, or hereafter may have against Defendant Wescott, including but not limited to those arising from or relating to the above-entitled action. Plaintiff hereby represents and warrants that he has not heretofore assigned or transferred or purported to assign or transfer to any person not a party hereto any matter released by this Stipulation.

3. In the event of said satisfaction of the judgment by Defendant Wescott pursuant to the terms in Paragraph 1 above, Defendant Wescott and Plaintiff, on behalf of themselves, their successors and assigns, their heirs, executors, administrators, attorneys and legal representatives, or otherwise, expressly acknowledge that they are aware of and waive any and all rights they may have arising from section 1542 of the Civil Code of the State of California, which states:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR.

Plaintiff and Defendant Wescott acknowledge that they have each carefully read this entire Stipulation; that they have reviewed this Stipulation with their attorneys or had full opportunity to review this Stipulation; that they have full understanding of its contents and the effects

---

Stipulation for Entry of Judgment As Against Carl Wescott

Case No. CGC-10-501881

thereof; and that they have executed the Stipulation of their own free will, without coercion by anyone, either party or nonparty, to this release.

Plaintiff and Defendant Wescott waive and relinquish all rights and benefits afforded by Section 1542 of the Civil Code of the State of California. Each party understands that the facts in respect of which the release made in this Stipulation is given may hereafter turn out to be other than or different from the facts in that connection now known or believed by each party to be true; and each party hereby accepts and assumes the risk of the facts turning out to be different and agrees that this Stipulation shall be and remain in all respects effective and not subject to termination or rescission by virtue of any such difference in facts.

Plaintiff and Defendant Wescott hereby acknowledge and agree that nothing contained in this Stipulation shall release or discharge any of them from rights, duties and obligations assumed under this Stipulation. Defendant Wescott hereby acknowledges and agrees that the release and discharge of Defendant Wescott is specifically contingent upon Plaintiff's receipt of all payments set forth hereinabove and those payments not being set aside for any reason.

**[The remainder of this page is intentionally omitted.]**

4. This Stipulation may be executed in any number of counterparts, each of which shall be deemed an original, but all of which taken together, shall constitute one in the same agreement. Copies (including fax or email pdf copies) of the executed Stipulation may be used in place of the original in any legal proceeding between the parties.

**IT IS SO AGREED AND STIPULATED.**

December __8__, 2011

_____
David Kirk, Plaintiff and Cross-Defendant

December __8__, 2011

_____
Carl Wescott, Defendant and Cross-Complainant

**APPROVED AS TO FORM**

December __8__, 2011

Scherer Smith & Kenny LLP

_____
Denis S. Kenny, Esq.
Attorney for Plaintiff David Kirk

December __8__, 2011

Roberts & Elliott, LLP

_____
Sharmi Shah, Esq.
Attorneys for Defendant/Cross-Complainant Carl Wescott

Stipulation for Entry of Judgment As Against Carl Wescott

Case No. CGC-10-501881

5