# EXHIBIT B

# SETTLEMENT AGREEMENT REGARDING ENTRY OF JUDGMENT

Plaintiff, David Kirk ("Plaintiff"), and Defendant Monette Stephens ("Defendant Stephens") (collectively the "Parties") hereby enter into this Settlement Agreement Regarding Entry of Judgment (the "Agreement") regarding Plaintiff's claims against Defendant Stephens only, in the lawsuit entitled, *David Kirk v. Carl Wescott, Monette Stephens et al*, San Francisco Superior Court Case No. CGC-10-501881 (the "Action"), as follows:

1. **Consideration** – Defendant Stephens agrees to pay Plaintiff the sum of three-hundred thousand dollars ($300,000.00), payable according to the schedule of payments set forth below to settle the above-entitled Action. Each payment shall be made by way of check, made payable to and sent to the attention of "David Kirk" at 19 Birkdale Circle, Rancho Mirage, CA 92270.

| Date of Payment | Amount of Payment |
|---|---|
| 6/1/2012 | $16,666.67 |
| 7/1/2012 | $16,666.67 |
| 8/1/2012 | $16,666.67 |
| 9/1/2012 | $16,666.67 |
| 10/1/2012 | $16,666.67 |
| 11/1/2012 | $16,666.67 |
| 12/1/2012 | $16,666.67 |
| 1/1/2013 | $16,666.67 |
| 2/1/2013 | $16,666.67 |
| 3/1/2013 | $16,666.67 |
| 4/1/2013 | $16,666.67 |
| 5/1/2013 | $16,666.67 |
| 6/1/2013 | $8,333.33 |
| 7/1/2013 | $8,333.33 |
| 8/1/2013 | $8,333.33 |
| 9/1/2013 | $8,333.33 |
| 10/1/2013 | $8,333.33 |
| 11/1/2013 | $8,333.33 |
| 12/1/2013 | $8,333.33 |
| 1/1/2014 | $8,333.33 |
| 2/1/2014 | $8,333.33 |
| 3/1/2014 | $8,333.33 |
| 4/1/2014 | $8,333.33 |
| 5/1/2014 | $8,333.33 |
| **Total Payments** | $300,000.00 |

2. **Default; Notice; Effect of Failure to Cure; Non-Waiver Provision** –

Unless otherwise agreed to by the Parties, in writing, if any payment called for by Paragraph 1 of this Agreement is not received when due, such event shall constitute an "event of default" under the terms of this Agreement. Plaintiff (and/or Plaintiff's counsel or other authorized representative) shall provide Defendant Stephens with notice of any "event of default," in writing, setting forth the amount in default, including the amount(s) received to date under the Agreement, to be transmitted by facsimile and/or regular mail as follows:

Sharmi Shah, Esq.
Attorney at Law
Roberts & Elliott, LLP
Heritage Bank Building
150 Almaden Blvd., Suite 950
San Jose, CA 95113
Phone: (408) 275-9800
Fax: (408) 287-3782

Monette Stephens
15851 Liggett Street
North Hills, CA 91343
Phone: (415) 680-0280
Fax: (615) 858-1500

Unless otherwise agreed to by the Parties in writing, if payment is not received by the seventh (7th) calendar day following said notice of an "event of default," Plaintiff shall be entitled to apply to the Court, on an *ex parte* basis, for entry of a Stipulated Judgment in the form attached hereto as Exhibit "A," upon filing of an *ex parte* application together with this Agreement and with an attorneys' declaration stating the facts in support thereof. If the seventh calendar day falls on a weekend or holiday, Defendant Stephens shall have until the first business day thereafter to cure the default.

Plaintiff shall be entitled to have judgment entered against Defendant Stephens in the amount of One Million Four Hundred Thousand Dollars ($1,400,000.00), less any

2

payments made by Defendant Stephens to Plaintiff as set forth above. By and through the execution of this Agreement, Defendant Stephens pre-approves the Stipulated Judgment as to form and content, and hereby consents to its entry as a Judgment consistent with the procedures set forth above.

The failure by one party to require performance of any provision shall not affect that party's right to require performance at any time thereafter, nor shall a waiver of any breach or default of this Agreement constitute a waiver of any subsequent breach or default or a waiver of the provision itself.

3. **Dismissal with Prejudice** – Upon Plaintiff's receipt of all payments set forth in Paragraph 1 of this Agreement, Plaintiff will dismiss the Action, with prejudice, as to Defendant Stephens only, within ten (10) days of Plaintiff's receipt of the final payment. Each party shall bear its own costs and attorneys' fees incurred herein. This Agreement shall not be filed with the Court except in the circumstances set forth in Paragraph 2 hereof (i.e. in the event of default).

4. **Refund if Payment Made by Carl Wescott Before May 31, 2013** – If Plaintiff receives $1.4 million (to be delivered by cashier's check or wire) from Co-Defendant Carl Wescott ("Defendant Wescott") on or before May 31, 2013, Plaintiff hereby agrees to return to Defendant Stephens any monies paid under this Agreement and provide the release(s) hereinbelow. In no event shall the provisions of this paragraph and/or the Agreement, as a whole, impact Plaintiff's claims and rights as against Defendant Wescott in the Action and/or any subsequent entry of judgment or settlement agreement with him. For purposes of clarification, the Parties agree that the intent and

3

purpose of this paragraph is to account for payment(s) made to Plaintiff by Defendant Wescott prior to May 31, 2013.

5. **Release** – Except as to such rights or claims as may be created by this Agreement, and effective upon Defendant Stephens's making all of the payments set forth in Paragraph 1 hereof, Plaintiff, on behalf of himself, his successors and assigns, and his heirs, executors, administrators, attorneys and legal representatives or otherwise, hereby releases and discharges Defendant Stephens, her successors and assigns, heirs (excluding Defendant Wescott), and her agents, executors, administrators, attorneys and legal representatives, or otherwise, and persons or entities associated with Defendant Stephens from and against any and all actions and causes of action, of whatsoever kind and nature, suits, debts, dues, accounts, accountings, bonds, covenants, contracts, agreements, promises, warranties, guarantees, representations, judgments, claims and demands, whatsoever, however arising, relating to or involving directly or indirectly any and all claims of Plaintiff against Defendant Stephens, whether known claims or unknown claims, asserted or unasserted, accrued or unaccrued, whether direct, individual, class representative, derivative or in any other capacity, collectively or individually, at law or in equity, whether past, present, or future, foreseen or unforeseen, direct or indirect, fixed or contingent, which Plaintiff has ever had, now has, or hereafter may have against Defendant Stephens, including but not limited to those arising from or relating to the Action. Plaintiff hereby represents and warrants that he has not heretofore assigned or transferred or purported to assign or transfer to any person not a part hereto any matter released by this Agreement. This release shall in no way be construed or interpreted to apply to Plaintiff's claims in the Action and/or any other right or potential claims as

4

against Defendant Wescott and any individuals or entities with which he may be affiliated.

6. **Section 1542 Release** – Plaintiff hereto, on behalf of himself, his successors and assigns, his heirs, executors, administrators, attorneys and legal representatives, or otherwise, expressly acknowledges that he is aware of and waives any and all rights he may have arising from section 1542 of the Civil Code of the State of California, which states:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR.

Plaintiff acknowledges that he has carefully read this entire Agreement; that he has reviewed this Agreement with his attorney or had full opportunity to review this Agreement; that he has full understanding of its contents and the effects thereof; and that he has executed the Agreement of his own free will, without coercion by anyone, either party or nonparty, to this release.

Plaintiff waives and relinquishes all rights and benefits afforded by Section 1542 of the Civil Code of the State of California. Plaintiff understands that the facts in respect of which the release made in this Agreement is given may hereafter turn out to be other than or different from the facts in that connection now known or believed by each party to be true; and each party hereby accepts and assumes the risk of the facts turning out to be different and agrees that this Agreement shall be and remain in all respects effective and not subject to termination or rescission by virtue of any such difference in facts.

Plaintiff hereby acknowledges and agrees that nothing contained in this Agreement shall release or discharge any of them from rights, duties and obligations assumed under this Agreement. Plaintiff hereby acknowledges and agrees that the release and discharge of Defendant Stephens is specifically contingent upon Plaintiff's receipt of all payments set forth hereinabove and those payments not being set aside for any reason.

7. **Representations Regarding No Pending or Future Bankruptcy or Related Filings** – If Defendant Stephens files for bankruptcy by or before Plaintiff's receipt of the first payment under this Agreement or June 1, 2012, whichever comes later, then Defendant Stephens shall be deemed to have represented and warranted to Plaintiff that as of the execution date of this Agreement, (1) she has not taken any affirmative steps or related actions to prepare for or otherwise file for bankruptcy; and (2) said representations and warranties constitute critical terms and conditions upon which Plaintiff is relying to enter into this Agreement. These provisions shall have no effect except in the event that Defendant Stephens files for bankruptcy by or before Plaintiff's receipt of the first payment under this Agreement or June 1, 2012, whichever comes later. These aforementioned provisions are not intended nor are to be interpreted in a manner that would otherwise violate public policy.

Notwithstanding the above, in the event that Defendant Stephens does file for bankruptcy while this Agreement is in effect, the confidentiality provisions of this Agreement hereinbelow will be null and void as to all parties.

8. **Fees and Costs** – The Parties shall each bear their own costs, expenses, expert fees, attorneys' fees, and other fees incurred in connection with the Action.

9. **Assignment** - Each party represents that it has not heretofore assigned or transferred, or purported to assign or transfer, any claim or right as against another party to any other person not a party hereto and is fully entitled to compromise and settle same.

10. **Counterparts** – This Agreement may be executed in any number of counterparts, each of which shall be deemed an original, but all of which taken together, shall constitute one in the same agreement. Copies (including fax or email pdf copies) of the executed Agreement may be used in place of the original in any legal proceeding between the Parties.

11. **Confidentiality** – The Parties hereto each agree to use their best efforts to maintain in confidence the existence of the Agreement, the contents and terms of the Agreement, and the consideration paid pursuant to the Agreement (hereinafter collectively referred to as "Agreement Information"). Each party hereto agrees to take reasonable precaution to prevent disclosure, in whole or in part, of any Agreement Information to any person or entity who is otherwise not authorized to receive such Agreement Information pursuant to this paragraph, and each agrees that there will be no publicity, directly or indirectly, concerning any Agreement Information (other than as expressly allowed by this Agreement). Nothing in this paragraph shall be interpreted so as to preclude a party from disclosing such Agreement Information that is required to be disclosed by law or by an order of any court and/or as reasonably necessary to enforce this Agreement, including without limitation the entry of judgment procedures set forth in Paragraph 2 above.

12. **Severability** – Should any provision herein be in any respect declared invalid, illegal or unenforceable, such invalidity, illegality, or unenforceability shall not

7

affect the enforceability of such other provisions of this Agreement, which shall remain in full force and effect, and shall be interpreted as though such invalid, illegal, or unenforceable provision was not a part hereof.

13. **Governing Law, Jurisdiction, and Venue** – The Parties further agree that California law shall govern the validity and interpretation of this Agreement.

14. **Entire Agreement** – This Agreement constitutes the complete understanding between the Parties and supersedes any and all prior agreement, promises, or inducements concerning the subject matter of this Agreement. No modifications, amendments, promises, or agreements made subsequent to the execution of this Agreement by the Parties shall be binding unless reduced to writing and signed by authorized representatives of these Parties.

15. **Understanding of the Agreement** – The Parties and signatories hereto represent that they have had an opportunity to be represented by counsel of their own choosing and in the negotiations for and in the preparation of this Agreement; that they did in fact thoroughly discuss all aspects of this Agreement with their respective counsel; that they have carefully read this Agreement; and that they have freely and voluntarily entered into it. Accordingly, the normal rule of construction that any ambiguities ought to be resolved against the drafting parties shall not be utilized in the interpretation of this Agreement.

16. **Denial of Liability** – It is understood and agreed that this is a compromise settlement of potential or actual disputed claims and is made by the Parties solely for the purpose of avoiding the expense and inconvenience of further litigation; and further, that neither this Agreement itself, nor the furnishing of the consideration for this Agreement,

shall be deemed or construed at any time for any purposes as an admission of any party's liability or responsibility for any wrongdoing of any kind, which liability and wrongdoing is expressly denied. The Parties agree that this Agreement may be used as evidence in any subsequent proceeding in which any of the Parties allege a breach of this Agreement or seeks to enforce any of its provisions.

**IN WITNESS WHEREOF,** the Parties have executed this Agreement effective as of December __6__, 2011 ("Effective Date").

December __6__, 2011         David Kirk

December __6__, 2011         Monette Stephens

**APPROVED AS TO FORM**

December __6__, 2011         Scherer Smith & Kenny LLP

                             Denis S. Kenny, Esq.
                             Attorney for Plaintiff David Kirk

December __6__, 2011         Roberts & Elliott, LLP

                             Sharmi Shah, Esq.
                             Attorneys for Defendant Monette Stephens

S:\DOCUMENT\Kirk, David & Leigh\Wescott Matter\Stephens Settlement\Stephens Settlement DRAFT 111206 (RWS4).docx

9

**EXHIBIT A**
**(STIPULATED JUDGMENT)**

Denis S. Kenny, Bar No. 178542
Ryan W. Stahl, Bar No. 267306
SCHERER SMITH & KENNY LLP
140 Geary Street, Seventh Floor
San Francisco, CA 94108
Telephone: (415) 433-1099
Facsimile: (415) 433-9434

Attorneys for Plaintiff
DAVID H. KIRK

SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF SAN FRANCISCO

UNLIMITED JURISDICTION

| | |
|---|---|
| DAVID H. KIRK, | Case No. CGC-10-501881 |
| Plaintiff, | STIPULATED JUDGMENT |
| vs. | |
| CARL A. WESCOTT, MONETTE STEPHENS, and DOES 1 – 10, inclusive, | |
| Defendants. | |
| AND RELATED CROSS-ACTION | |

Pursuant to the Settlement Agreement Regarding Entry of Judgment (the "Agreement") of the parties, a true and correct copy of which is attached as Exhibit A hereto; Plaintiff David Kirk (hereinafter "Plaintiff") having submitted to the Court a Declaration under penalty of perjury setting forth an "event of default" pursuant to the Stipulation and reciting that the default remained uncured for seven (7) calendar days after receipt of appropriate notice; the Agreement

Stipulated Judgment                                                                                                                  Case No. CGC-10-501881

1

Case: 12-03058    Doc# 1-2    Filed: 04/20/12    Entered: 04/20/12 13:22:55    Page 12 of 13

between the parties having provided that this Judgment shall be entered by the Court upon the occurrence of an uncured "event of default" under the Agreement; the Court being fully advised in the premises; and, good cause appearing therefore:

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that Plaintiff David Kirk shall be entitled to a Judgment for damages against Defendant Monette Stephens (hereinafter "Defendant Stephens") as follows:

| | |
|---|---|
| $1,400,000.00 | General Damages |
| $_____ | Less payment(s) made by Defendant Stephens pursuant to the Agreement |
| $_____ | TOTAL AMOUNT OF JUDGMENT |

This sum represents a compromised amount of the total claim for damages/relief made by Plaintiff pursuant to the pleadings filed by Plaintiff against Defendant Stephens in the above-referenced action. This sum shall continue to bear interest after entry of the Judgment at the legal rate of ten percent (10%) per annum until satisfied in full.

Dated: _____    _____
Judge of the Superior Court

S:\DOCUMENT\Kirk, David & Leigh\Wescott Matter\Stephens Settlement\Stipulated Judgment.docx